Filed 9/2/20  P. v. Harris CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B300929 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA015108-01) |
| v. | |
| DA'TON VON HARRIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Robert L. S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Da'ton Von Harris appeals from a postjudgment order summarily denying his petition for resentencing under Penal Code section 1170.95.[1] No arguable issues have been identified following review of the record by Harris's appointed appellate counsel or by Harris in his supplemental letter brief to this court. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury in 1992 convicted Harris of first degree murder (§ 187, subd. (a)) and attempted murder. The trial court sentenced Harris to an indeterminate state prison term of 26 years to life. We affirmed Harris's conviction on appeal. (*People v. Harris* (Sept. 23, 1993, B069509) [nonpub. opn.].)

On March 1, 2019 Harris, representing himself, filed a form petition/declaration in superior court to vacate his conviction and to be resentenced in accordance with recent statutory changes relating to accomplice liability for murder. Harris requested, and the superior court appointed, an attorney to represent Harris.

The People filed an opposition to the petition. On June 28, 2019 the superior court summarily denied the petition for resentencing, finding Harris ineligible for sentencing relief under section 1170.95.

## DISCUSSION

1. *Senate Bill No. 1437 and the Right To Petition To Vacate Certain Prior Convictions for Murder*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, amended the felony murder rule and eliminated the natural and probable

---

[1] Statutory references are to this code.

consequences doctrine as it relates to murder through amendments to sections 188 and 189. New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

New section 189, subdivision (e), in turn, provides with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that the individual is liable for murder "only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also permits, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. The petition must include a declaration by the petitioner that he or she is eligible for relief under this section, the superior court case number and year of the petitioner's

3

conviction and a statement whether the petitioner requests the appointment of counsel.  (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327, review granted Mar. 18, 2020, S260493 (*Verdugo*).)[2]

If the petition contains all required information, section 1170.95, subdivision (c), prescribes a two-step process for the court to determine if an order to show cause should issue: "'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'"  (*Verdugo, supra,* 44 Cal.App.5th at p. 327.)

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1); see *Verdugo, supra,* 44 Cal.App.5th at p. 327.)  At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is

---

[2]	The Supreme Court in *Verdugo, supra,* S260493 ordered briefing deferred pending its disposition of *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.  The Court limited briefing and argument in *People v. Lewis* to the following issues:  "(1)  May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?  (2)  When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

4

ineligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

> 2. *The Superior Court Properly Ruled Harris Did Not Make the Required Prima Facie Showing of Entitlement to Relief*

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, we appointed counsel to represent Harris on appeal. After reviewing the record, counsel filed a brief raising no issues. On July 8, 2020 we notified Harris he had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider. We received a handwritten, one-page supplemental brief on July 21, 2020 in which Harris argued that he was eligible for relief because he was "clearly and unmistakably convicted" under the natural and probable consequences doctrine.

Based on its consideration of Harris's petition, the People's opposition and our decision affirming his conviction, the superior court properly concluded Harris was ineligible for relief under section 1170.95 as a matter of law. As we explained when rejecting Harris's argument concerning instructional error: "The jury was instructed on the liability of aiders and Abettors . . . ." "The prosecutor did <u>not</u> argue that the defendant aided and abetted Lamont Jones in committing one 'target' crime and that the murder and attempted murder committed by Lamont were the natural and probable consequences of that original crime; rather, the prosecutor proceeded on the theory that the target crimes were indeed murder and attempted murder. . . ." "There

was no evidence presented, and no argument made, that appellant intended to aid and abet offenses <u>different</u> <u>than</u> those committed by Lamont Jones.  [¶]  Thus, the evidence in this case did not raise any issue requiring the jury [to] consider the natural consequence doctrine." (*People v. Harris*, *supra*, B069509.)

Because no cognizable legal issues have been raised by Harris's appellate counsel or by Harris, the order denying the section 1170.95 petition must be affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Harris's petition is affirmed.


                                        PERLUSS, P. J.

We concur:



        SEGAL, J.



        FEUER, J.


6